UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HIGHER ONE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09-cv-00337 (AWT) |
| | ) | |
| TOUCHNET INFORMATION SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | DECEMBER 9, 2009 |

**DEFENDANT'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS**

COMES NOW Defendant Touchnet Information Systems, Inc. ("Touchnet") and answers the Amended Complaint of plaintiff Higher One, Inc. ("Higher One") as follows:

1. As the allegations contained in paragraph 1 merely recite legal conclusions and characterizations, no response is required.

2. Touchnet is without sufficient information with which to admit or deny the allegations in paragraph 2 of the Complaint and, therefore, denies same.

3. Touchnet admits that it is a Kansas corporation with its principal place of business in Lenexa, Kansas.

4. As the allegations contained in paragraph 4 merely recite legal conclusions and characterizations, no response is required. To the extent a response is deemed required, all such allegations are hereby denied.

5. Touchnet admits it offers a billing solution called Touchnet Bill + Payment Suite, but denies the remaining allegations contained in paragraph 5 of the Complaint.

6. Touchnet admits that plaintiff purports to be the owner of U.S. Patent No. 7,496,536 ('536 Patent), but denies that such patent was duly and legally issued, much less for actual

inventions. Touchnet lacks sufficient information with which to admit or deny the remaining allegations contained in paragraph 6 and, therefore, denies same.

7. Touchnet denies the allegations contained in paragraph 7.

8. Touchnet denies the allegations contained in paragraph 8.

9. Touchnet denies the allegations contained in paragraph 9.

10. Touchnet is without sufficient information with which to admit or deny the allegations contained in paragraph 10 and, therefore, denies same.

11. Touchnet denies the allegations contained in paragraph 11.

## COUNT I

12. Touchnet incorporates by reference its responses contained in paragraphs 1 through 11 above, as if fully set forth herein.

13. Touchnet denies the allegations contained in paragraph 13 of the Complaint.

14. Touchnet denies the allegations contained in paragraph 14 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Venue is inappropriate in this venue and appropriate in the District of Kansas, the center of the activity allegedly infringing the '536 Patent.

3. Touchnet has not infringed and is not infringing any claim of the '536 Patent.

4. The claims of the '536 Patent are invalid under one or more provisions of Title 35 of the U.S. Code, including the failure to satisfy the conditions for patentability under 35 U.S.C. § 101, 102, and 103 and the failure to comply with 35 U.S.C. § 112.

5. Plaintiff's claims are barred by the doctrine of patent misuse.

6. Plaintiff's claims are barred by the doctrine of unclean hands.

7. Touchnet's solution offers substantial noninfringing uses.

8. Plaintiff's claims are barred by its incorrect designation of inventorship.

9. Plaintiff's claims are unenforceable based upon its sale of subject products more than one year prior to its application including a sale of the invention to third parties at least as early as January 25, 2002.

10. Upon information and belief, plaintiff's claims concerning the '536 Patent are barred by the doctrines of laches, estoppel and/or waiver.

11. Plaintiff's claims are barred, in whole or in part, by application of the doctrines of equitable estoppel, waiver and/or implied license from construing any claim of the patent to have been infringed by Touchnet by virtue of the representations and concessions made to the Patent Office during the pendency of the application of the '536 Patent.

12. The claims of the '536 Patent, and each of them, are not directed to patentable combinations, but are directed to mere aggregation of steps, menus, or elements which were matters of common knowledge in the art to which said patent relates before the alleged invention and more than one year prior to the date of the application for the '536 Patent.

13. In light of the prior art at the time the alleged invention of the '536 Patent was made, the subject matter as claimed in the '536 Patent would have been obvious to a person skilled in the art to which the alleged invention relates and does not constitute a patentable invention.

14. The prior art known before the alleged invention covered by the '536 Patent so limits and restricts the scope of the patent that Touchnet cannot be considered to infringe the patent.

15. The '536 Patent is unenforceable due to plaintiff's inequitable conduct, including its failure to disclose use of the alleged invention more than one year prior to the filing of plaintiff's application and its failure to disclose a sale of the invention at least as early as January 25, 2002.

**COUNTERCLAIMS**

Defendant/Counterclaim-Plaintiff Touchnet Information Systems, Inc. asserts against Plaintiff/Counterclaim-Defendant Higher One, Inc. the following:

1. Touchnet incorporates the allegations of its prior paragraphs.

2. These counterclaims arise under the U.S. Patent laws and the declaratory judgment statute. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a), 1367, 1400, 2101, and 2102.

3. A judicial declaration is necessary and appropriate at this time in order that Touchnet may ascertain its rights and duties with respect to the '536 Patent.

**COUNT I:  DECLARATORY JUDGMENT (NON-INFRINGEMENT)**

4. In its Complaint, Higher One asserts that Touchnet has infringed and does infringe the '536 Patent.

5. An actual case or controversy exists between Touchnet and Higher One. This Court has subject matter jurisdiction of this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202 because Higher One has accused Touchnet of infringing the '536 Patent.

6. There exists a real and actual controversy between the parties concerning the validity, enforceability, and alleged infringement of the '536 Patent.

7. Defendant has not infringed and does not infringe, directly or indirectly, any valid or enforceable claim of the '536 Patent.

8. Touchnet is entitled to a declaratory judgment that Touchnet has not infringed and is not infringing any claim of the '536 Patent as asserted by Higher One.

**COUNT II:  DECLARATORY JUDGMENT (INVALIDITY/UNENFORCEABILITY)**

9. Touchnet incorporates the allegations of its prior paragraphs in these Counterclaims.

10. There is an actual case and controversy between the parties over the validity and/or enforceability of the '526 patent.

11. This is also an action for a declaratory judgment of invalidity and unenforceability under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

12. The '536 Patent is invalid and unenforceable as it fails to satisfy the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112.

13. Touchnet is entitled to a declaratory judgment that the '536 Patent is invalid and/or unenforceable.

## COUNT III: UNFAIR COMPETITION

14. Touchnet incorporates the allegations of its prior paragraphs in these counterclaims.

15. The subject market is one in which Higher One has substantial market power.

16. Higher One's claims of infringement are objectively baseless and are pursued in an attempt to interfere with business relationships between Touchnet and its customers.

17. Higher One's use of litigation seeks to impose, and imposes, an adverse competitive effect in the relevant market. Such anti-competitive conduct burdens consumers by seeking or threatening to elevate prices as a proximate result of Higher One's conduct.

18. Touchnet has been damaged by the conduct of Higher One.

WHEREFORE, Touchnet respectfully requests that this Court order judgment in its favor and award its relief including, but not limited to: (a) entry of judgment on each counterclaim; along with an award of attorneys' fees, and costs; (b) dismissal of plaintiff's claims with prejudice; (c) a declaration that Touchnet does not infringe any claim of U.S. Patent No. 7,496,536; (d) a declaration that the claims of U.S. Patent No. 7,496,536 are invalid; (e) a declaration that U.S. Patent No. 7,496,536 is unenforceable; (f) an order finding that this is an exceptional case and awarding

Touchnet its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; (g) an injunction permanently enjoining plaintiff and its officers, agents, servants, employees, attorneys and all persons in active concert or participation with them be permanently enjoined from suing or threatening to sue or making any charge against Touchnet and its affiliates and customers relating to alleged infringement of the '536 Patent; and (g) such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ Nicholas A. Pisarsky
Elizabeth A. Alquist (ct15643)
Nicholas A. Pisarsky (ct27916)
Day Pitney LLP
242 Trumbull Street
Hartford, CT  06103-1212
Tel: (860) 275-0100
Fax: (860) 275-0343
eaalquist@daypitney.com
nipisarsky@daypitney.com

OF COUNSEL:

SPENCER FANE BRITT & BROWNE LLP
Patrick J. Whalen
Kyle L. Elliott
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
(816) 474-8100
(816) 474-3216 (facsimile)
pwhalen@spencerfane.com
kelliott@spencerfane.com

SONNENSCHEIN NATH & ROSENTHAL LLP
I. Edward Marquette
4520 Main St., Suite 1100
Kansas City, MO 64111-7700
(816) 460-2400
(816) 531-7545 (facsimile)
emarquette@sonnenschein.com
*Attorneys for Defendant*
*Touchnet Information Systems, Inc.*

**CERTIFICATION OF ELECTRONIC FILING**

I hereby certify that on December 9, 2009, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Nicholas A. Pisarsky
Nicholas A. Pisarsky
