## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
----------------------------------X
                                  :
HIGHER ONE, INC.,                 :
                                  :
            Plaintiff,            :
                                  :
v.                                :    Civ. No. 3:09CV0337(AWT)
                                  :
TOUCHNET INFORMATION SYSTEMS, INC.,:
                                  :
            Defendant.            :
                                  :
----------------------------------X
```

### ORDER DENYING MOTION TO TRANSFER

The plaintiff, Higher One, Inc. ("Higher One"), a Delaware corporation with its principal place of business in New Haven, Connecticut, brings this action against the defendant, Touchnet Information Systems, Inc. ("Touchnet"), a Kansas corporation with its principal place of business in Kansas. Higher One brings a claim for patent infringement pursuant to 35 U.S.C. § 271. The subject patent, U.S. Patent No. 7,496,536 (the "'536 Patent"), is entitled "Systems and Methods to Facilitate a Transfer of a Refund Amount From an Educational Institution to a Student." (Compl. (Doc. No. 1) at ¶ 6.) The defendant brings several counterclaims, i.e., in Count One, for a declaratory judgment of non-infringement, in Count Two, for a declaratory judgment that Higher One's patent is invalid and/or unenforceable, and in Count Three, that Higher One has engaged in unfair competition. The defendant has filed a motion to transfer this case to the District of Kansas. For the reasons set forth below, the motion is being

-1-

denied.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Such motions "lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis."  In re Cuyahoga Equipment Corp., 980 F.2d 110, 117 (2d Cir. 1992)(citation omitted).  When determining whether to transfer an action, courts consider "(1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances."  Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp., 11 F. Supp. 2d 729, 730 (S.D.N.Y. 1998).  "There can be no doubt that the burden is on the defendant, when it is the moving party, to establish that there should be a change of forum."  Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978).

**Locus of Operative Facts**

To determine the locus of operative facts "a court must look

to the site of events from which the claim arises." <u>Transatlantic Reinsurance Co. v. Continental Ins. Co.</u>, No. 03 Civ. 3227(CBM), 2003 WL 22743829, at *5 (S.D.N.Y. Nov. 20, 2003) (internal citations omitted).  Touchnet maintains that the "overwhelming trend among federal courts favors litigating patent cases at the center of the accused activity." (Memorandum of Law in Support of Defendant's Motion to Transfer (Doc. No. 22)("Def.'s Br.") at 4). In <u>Saint-Gobain Calmar, Inc. v. National Products Corp.</u>, 230 F. Supp. 2d 655 (E.D. Pa. 2002), the center of gravity of the accused activity was described as the place "where the alleged infringement occurred.  In finding that 'center of gravity,' a district court ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production. . . .  Appropriate considerations include the location of a product's development, testing, research and production and the place where marketing and sales decisions were made, rather than where limited sales activity has occurred."  <u>Id.</u> at 660 (internal quotations, citations, and alteration omitted).

However, there is no per se rule that a patent infringement case must be litigated in the district that is the center of gravity of the accused activity.  Such a rule would run counter to Congress's expressed mandate in § 1404(a).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  <u>Stewart Organization, Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29, 108 S. Ct.

2239 (1988)(holding that even a "forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration . . . nor no consideration . . ., but rather the consideration for which Congress provided in § 1404(a).").

It is not surprising that in cases where the primary focus of the case is a claim of patent infringement there will be a pattern of the locus of operative facts being the location of the accused infringer, and in addition, of other factors such as convenience of witnesses and availability of process to compel the attendance of unwilling witness consequently tending to favor that jurisdiction.  Here however, the case also involves Touchnet's claims that Higher One misused the '536 Patent, designated incorrect inventors of the patent, sold the invention more than a year before applying for the patent, has unclean hands, engaged in unfair competition, and that the '536 Patent is invalid.  The locus of operative facts with respect to these claims is this district, and, for this reason, as discussed below, Higher One has been able to make a stronger showing with respect to convenience of non-party witnesses.

Based on the foregoing, the court concludes that the locus of operative facts weighs only slightly in favor of transfer.

**Convenience of Parties; Convenience of Witnesses; and Availability of Process to Compel the Attendance of Unwilling Witnesses**

"The convenience of the witnesses is generally considered the

most important factor in determining whether a venue transfer is
appropriate." <u>Hanninen v. Fedoravitch</u>, 583 F. Supp. 2d 322, 331
(D. Conn. 2008); <u>Schomann Intern. Corp. v. Northern Wireless,
Ltd.</u>, 35 F. Supp. 2d 205, 214 (N.D.N.Y. 1999)(denying transfer
when shifting the venue would "simply shift the inconvenience from
one party to the other") (internal quotation marks and citation
omitted).  Touchnet argues that all of the relevant witnesses with
personal knowledge about the alleged infringement are located in
Kansas.  It has provided an affidavit from the President of
Touchnet, David Toughey, who states that "employees or ex-
employees of Touchnet may have relevant knowledge and would likely
be located in the Kansas City area." (Affidavit of Daniel Toughey
(Doc. No. 22, Ex. 1) at ¶ 9.)  However, Higher One has provided
the names of the seven inventors of the patented invention (only
three of whom are currently employees of Higher One), and other
non-party witnesses, and explained what areas their testimony
would address and demonstrated why Connecticut would be more
convenient for those witnesses.  It has also identified a current
customer of Touchnet located in Connecticut, and another nearby
university, whose personnel would give relevant testimony. (<u>See</u>
Affidavit of Mark Volchek (Doc. No. 27, Ex. 1).)  While each
party's home jurisdiction would be more convenient for it, Higher
One has made a stronger showing that its preferred forum would be
more convenient for non-party witnesses.

**Plaintiff's Choice of Forum**

A plaintiff's choice of forum is "entitled to substantial

consideration." <u>In re Warrick</u>, 70 F.3d 736, 740-741 (2d Cir. 1995)(citation omitted).  "The plaintiff's choice of forum should not be disturbed unless the balance of these factors tips decidedly in favor of a transfer." <u>Hypoxico, Inc. v. Colorrado Altitude Training LLC</u>, No. 02 Civ. 6191, 2003 WL 21649437, at *8 (S.D.N.Y. July 14, 2003).  While the defendant properly cites authority that a plaintiff's choice of forum should be given less deference when most of the operative facts occurred elsewhere, this case does fall into that category.  Thus, the court finds that this factor weighs heavily against transfer.

### The Location of Relevant Documents and Relative Ease of Access to Sources of Proof

Technological advancements in digitizing and sending documents make this factor a neutral one.  While Touchnet argues that "site inspections of the relevant operations and other applicable technology" weigh in favor of transfer, (Reply Brief in Support of Defendant's Motion to Transfer (Doc. No. 30) at 8), it has not demonstrated how a site inspection will be of material significance in a case where the claim is for infringement of a patent entitled "Systems and Methods to Facilitate a Transfer of a Refund Amount From an Educational Institution to a Student."  In any event, to the extent such a site inspection is necessary, it appears one could be equally necessary with respect to the Higher One facility in view of the Touchnet's counterclaims.

### The Forum's Familiarity With Governing Law

The court finds this factor is a neutral factor as "all

-6-

federal district courts are assumed to be equally familiar with
federal patent law."  Findwhat.com, No. 02 Civ. 447(MBM), 2003 WL
402649, at *6 (S.D.N.Y. Feb. 21, 2003).

    **Relative Means of the Parties**

    Touchnet states that its small business would be
"substantially disrupted" by the litigation of this case in
Connecticut.  (Def.'s Br. at 10.)  However, it has not shown that
the relative means of the parties are so significantly different
that the burden of litigation on Touchnet if it must travel to
Connecticut is materially greater than the burden on Higher One if
it must travel to Kansas.  Thus, the court finds this factor is a
neutral one.

    **Trial Efficiency and the Interests of Justice, Based on the
Totality of Circumstances**

    Touchnet argues that Connecticut jurors should not be
burdened with adjudicating a matter that "occurred predominantly -
if not entirely - outside the State of Connecticut", that Kansas
has a "stronger public interest" in the dispute, and that the
District of Kansas has a lighter case load than this district.
(Def.'s Br. at 12.)  The court finds these arguments unpersuasive.
Assuming there are circumstances in which burden on jurors should
be given weight, they are not present here.  Also, it is not
apparent how Kansas has a stronger public interest than
Connecticut in this dispute.  Finally, the difference in the case
loads in this district and in the District of Kansas is not
material.  The 2008 Federal Court Management Statistics, published

by the Administrative Office of the United States Courts, reflects
that for the 12-month period that ended on September 30, 2008,
this district had seven fewer pending cases per judgeship than did
the District of Kansas and eight fewer new civil cases filed per
judgeship.  By citing only total numbers of cases, Touchnet fails
to take into account the fact that there are two more judgeships
in the District of Connecticut.  Thus, the court finds this factor
is a neutral one.

           *      *      *      *      *

     In view of the weight that should be given to the plaintiff's
choice of forum, the fact that the plaintiff made a stronger
showing with respect to the convenience of witnesses, the fact
that the defendant has only been able to show that the locus of
operative facts weighs only slightly in favor of transfer, and the
fact that the remaining factors are neutral ones, the court
concludes that the defendant has not met its burden of
establishing that there should be a change of forum.  Accordingly,
the defendant's Motion to Transfer (Doc. No. 21) is hereby DENIED.

     It is so ordered.

     Dated this 29th day of March, 2010 at Hartford, Connecticut.


                              /s/AWT
                        _____
                          Alvin W. Thompson
                        United States District Judge


                              -8-