UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HIGHER ONE, INC.,<br><br>                    Plaintiff,<br>v.<br><br>TOUCHNET INFORMATION<br>SYSTEMS, INC.,<br><br>                    Defendant. | Civil Action No.<br>3:09-cv-00337 (AWT)<br><br><br><br><br>NOVEMBER 8, 2010 |

## TOUCHNET'S LOCAL RULE 56(a)1 STATEMENT

Pursuant to Local Rule 56(a)1, defendant TouchNet Information Systems, Inc. ("TouchNet"), submits this Statement of Undisputed Material Facts on Summary Judgment that TouchNet contends there is no genuine issue to be tried in support of its Motion for Summary Judgment of Invalidity. The documents referenced herein are exhibits attached to this 56(a)1 Statement.

      1.      The patent-in-suit is U.S. Patent No. 7,496,536 ("the '536 patent"). See Complaint. Attached as Exhibit A, at ¶ 6.

      2.      The '536 Patent claims priority to non-provisional patent application serial no. 10/799,387 ("the '387 application"). See '536 Patent, attached as Exhibit B. The '387 application claims the benefit under 35 U.S.C. § 119(e) to the provisional patent application serial no. 60/458,671 ("the '671 application"), filed on March 28, 2003. See "Declaration and Power of Attorney for Patent Application" for the '387 application, at 2, attached as Exhibit C.[1] The '387 application also claims benefit under 35 U.S.C. § 120 to U.S. Non-provisional Patent Application Serial No. 10/345,605 ("the '605 application"). (Id. at 2.) The '605 application, in turn, claims benefit under 35 U.S.C. § 119(e) to the U.S. Provisional Patent Application Serial No. 60/350,255

---

[1] A portion of the '671 application, which is cited in the Memorandum in Support of TouchNet's Motion for Summary Judgment, is attached as Exhibit D.

("the '255 application"), filed on January 17, 2002.  See "Declaration and Power of Attorney For Patent Application" for the '605 application, at 2, attached as Exhibit E.

3. Almost seven years after filing the '255 application, in order to overcome the examiner's prior art rejection, the applicants amended the only two independent claims of the '536 patent, claims 1 and 24, to add the limitation: "without goods or services being exchanged prior to arranging for the refund amount to be delivered" (the "Limitation At Issue").  See '387 Application, Applicant's October 8, 2008 amendment, attached as Exhibit F, at 2, 6–8.

4. The specification of the '536 patent does not provide written description support for the Limitation At Issue.  See Affidavit of Mr. Kitchen, attached as Exhibit G, at ¶¶ 10, 12.

5. The Limitation At Issue is not mentioned, even in passing, in the specification of the '536 patent.  None of the variations of the terms used in the Limitation At Issue appear in the specification in the same context as the Limitation At Issue.  See, e.g., '536 patent at 8:54–56, 9:5–7, 7:24–28, 9:23–27, and 9:60–64 for the terms "goods" and "service"; at 2:44–49 for the term "prior"; at 1:38–43 and 3:29–32 for the term "before"; at 10:48–49 for the term "after";  at 10:34–38 for the term "exchange."

6. The '536 patent discloses examples that plainly operate without any regard to the Limitation At Issue; that is, those examples contemplate that goods or services may be exchanged either prior to or after arranging for funds transfer.  A first example involves a student who may receive a refund after dropping a class.  See, e.g., '536 patent at 2:39–42.  In that first example, the service in the form of the dropped class has been exchanged prior to arranging for the funds transfer corresponding to the dropped class.  A second example involves an employee who may receive a paycheck from an educational institution.  See '536 patent at 10:65–67; 12:35–37.  In that second example, the service in the form of the employee's labor has already been exchanged prior to arranging for the fund transfer reflecting the employee's labor.  A third example is the

specification's description of the "student database **800**," which includes a "student refund transfer preference **810**." '536 Patent, Fig. 8.  In that third example, the specification contemplates that the student may arrange for the funds transfer after the student database may be *updated* based on information provided by the student.  See '536 patent, Fig. 8.

7. The '536 patent, as implemented by Higher One, permits students to arrange funds transfer after services have been exchanged.  Higher One markets the software described in the '536 patent as OneDisburse® Refund Management® service.  See Complaint at ¶ 9.  In turn, Higher One's service permits a student to modify his funds transfer preference, regardless of whether goods or services have been exchanged, by simply logging into Higher One's site.  See '536 patent, Figs. 16–18; University of Houston document production, document # 000029, attached as Exhibit H.

8. The specification of the '536 patent discloses examples that can only operate against the Limitation At Issue in that those examples contemplate that goods or services must be exchanged only *after* arranging for funds transfer.  A first example requires students to receive a physical card *prior* to activating an account, where only after the card has been activated can the student arrange for a funds transfer.  See '536 patent at 10:45–47.  That first example requires the exchange of goods (the card) prior to arranging for a funds transfer.  A second example requires that the arranging of transfer of funds corresponding to reimbursement of a professor's travel expenses occur after the professor has already exchanged the goods or services for which he is expecting a reimbursement. See '536 patent at 12:27–34.  A third example requires that the arranging of transfer of funds corresponding to an employee's paycheck occur after the employee has already exchanged services (the employee's labor).  See '536 patent at 10:65–67; 12:35–37.

9. The '536 patent does not indicate which examples discussed in paragraphs 8–10, inclusive, of this Local Rule 56(a)1 statement are directed to the invention and which are not.  See generally specification of the '536 patent.

10. Higher One has proposed that the Limitation At Issue be construed as "the refund amount is determined before the cost of any goods or services purchased by the student is deducted" (the "Proposed Construction"). See Joint Statement Identifying Agreed Upon Claim Construction and Proposed Constructions for Disputed Terms, Dkt. Entry # 60, attached as Exhibit I, ("Joint Construction Statement") at 4-6. TouchNet has not contested Higher One's construction. See id.

11. The specification of the '536 patent does not provide written description support for the Proposed Construction. Affidavit of Mr. Kitchen at ¶¶ 11, 12.

12. As the basis for Higher One's construction of the Limitation At Issue, Higher One did not cite any part of the specification, but instead cited to the Examiner's Notice of Allowability. See Joint Construction Statement at 6.

13. In the portion of the Examiner's Notice of Allowability cited by Higher One in support of its Proposed Construction, the Examiner was completely silent on whether the asserted claims satisfy the written description requirement. See Notice of Allowability, attached as Exhibit J, at 2–3.

14. In the portion of the Examiner's Notice of Allowability cited by Higher One in support of its Proposed Construction, the Examiner repeated, verbatim, the original language of the Limitation At Issue. See Notice of Allowability at 3.

15. The Proposed Construction is not mentioned, even in passing, in the specification of the '536 patent. No variations of key terms used in the Proposed Construction are used in the specification in the same context as the Proposed Construction. See '536 patent at 1:38–43, 3:29–32 (for the two instances of the term "before"), 2:44–49 (for all instances of "prior"), 10:48–49 (for the one instance of the term "after"), at 1:28–1:43, 3:57–58, 4:26–27, 6:2–5, 6:10–25, 7:44–47, 9:59–64, 10:65–67, 12:3–4, and 12:10–14 (for the term "determine" before deduction), at 6:17–18 and 6:53–

57 (for "calculate" and "compute"); and the specification, generally, for "deduct," or its potential synonyms, "subtract," "minus," "take away," "take off," "reduce," or "withdraw"

16. Although the Proposed Construction requires that a refund amount be determined before costs of goods or services purchased are deducted, the specification of the '536 patent discloses an example of the invention that requires the opposite – deduction of costs of good or services purchased *prior* to determining the refund amount. Specifically, the specification of the '536 patent discloses the example of the invention wherein the cost of classes purchased by a student has already been previously deducted prior to determining the amount to be refunded to the student as a result of the student's subsequent dropping of some classes. See '536 patent at 2:39–42; 12:35–37. The specification of the '536 patent indicates that this is an example of the invention. See '536 patent at 2:39–42; 12:35–37.

Respectfully submitted,


By:   /s/ Kyle L. Elliot
    Patrick J. Whalen
    Kyle L. Elliot
    SPENCER FANE BRITT & BROWNE LLP
    1000 Walnut Street, Suite 1400
    Kansas City, MO 64106
    (816) 474-8100
    (816) 474-3216 (facsimile)
    pwhalen@spencerfane.com

    DAY PITNEY LLP
    Elizabeth A. Alquist
    Nicholas A. Pisarsky
    242 Trumbull Street
    Hartford, CT 06103
    Hartford, CT  06103-1212
    Tel: (860) 275-0100
    Fax: (860) 275-0343
    eaalquist@daypitney.com
    nipisarsky@daypitney.com

    KUTAK ROCK LLP
    I. Edward Marquette
    1010 Grand Blvd., Suite 500
    Kansas City, MO 64106
    (816) 960-0090
    (816) 960-0041 (facsimile)
    Ed.Marquette@KutakRock.com

***Attorneys for Defendant***
***TouchNet Information Systems, Inc.***

**CERTIFICATE OF ELECTRONIC FILING**

  I hereby certify that on November 8, 2010, a copy of the foregoing Rule 56(a)1 Statement was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                /s/ Nicholas A. Pisarsky