IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HIGHER ONE, INC. ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 3:09-cv-00337-AWT |
| v. ) | |
| ) | |
| TOUCHNET INFORMATION SYSTEMS, ) | |
| INC., ) | November 16, 2010 |
| ) | |
| Defendant. ) | |

*EMERGENCY* MOTION TO STRIKE
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
THE SUPPORTING AFFIDAVIT OF EXPERT WILLIAM KITCHEN

Pursuant to Local Rule 7(a)(3) and the good cause shown herein, Higher One, Inc. ("Higher One") respectfully moves on an expedited basis to strike Defendant Touchnet Information Systems, Inc.'s ("Touchnet") Motion for Summary Judgment of Invalidity for Failure to Satisfy the Written Description Requirement ("Motion") (Docs. 71-73), and the supporting Affidavit of Expert William Kitchen ("Expert Affidavit", Doc. 72-7).

**I.   Expedited Basis**

Pursuant to Local Rule 7(a)(3), Higher One moves on an expedited basis because its opposition to Touchnet's Motion is due on November 29, 2010, which is *before* this motion to strike would be heard by the court.

**II.   Touchnet's Motion and Expert Affidavit Should be Stricken for Three Reasons**

Touchnet's Motion and Expert Affidavit should be stricken for: *(1) violating the Parties' 26(f) Report; (2) failing to comply with Federal Rule of Civil Procedure 26(a)(2) regarding disclosure of expert testimony; and (3) being premature*.

**(1)    Touchnet's Expert Affidavit Violates the Parties' 26(f) Report**

Touchnet's Motion asserts that claims of the '536 patent are invalid (Docs. 71-73). Touchnet's Motion relies on the opinion of a litigation motivated expert (Affidavit of William Kitchen, Doc. 72-7) who has not filed an expert report in accordance with the Parties' 26(f) Report (Doc. 34) and whose opinion is completely untested and false.  In accordance with the Parties' 26(f) Report, "the party bearing the burden of proof on a claim or affirmative defense as to which expert testimony will be offered shall designate all trial experts and provide opposing counsel with reports ("opening reports") from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) *within sixty (60) days of the Court's claim construction ruling*." Doc. 34 at ¶ 8.  By the parties' own agreement, Expert Discovery was explicitly provided for *only* after the Court's claim construction ruling, not before.  What is even more puzzling, and offensive, is why TouchNet's counsel, having attempted the same submarine Expert Affidavit in its Opening Claim Construction briefing (rightfully rejected by this Court) would violate the agreed upon Scheduling Order yet again.  Touchnet's Expert Affidavit should be stricken because it violates the Parties' 26(f) Scheduling Order by presenting expert testimony without an expert report and before the Court's claim construction ruling

**(2)    Touchnet's Expert Affidavit Violates Disclosure of Expert Testimony Pursuant to Federal Rule of Civil Procedure 26(a)(2)**

Similarly, Touchnet's Expert Affidavit also violates Federal Rule of Civil Procedure 26(a)(2) regarding disclosure of expert testimony.  Rule 26(a)(2) requires that Touchnet, when presenting expert testimony, disclose a report containing: (a) a statement of all the witnesses' opinions and the basis and reasons for them; (b) the information considered by the witness; (c) any exhibits the witness will use to support his opinions; (d) the witnesses' qualifications; (e) a list of all other cases, in the previous four years, in which the witness testified as an expert; and

(f) a statement of the compensation paid to the witness. *See* FED. R. CIV. P. § 26(a)(2)(B). The expert report requirement is so "that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Id.* at Advisory Committee's Notes on 1993 Amendments. Here, Touchnet **failed** to provide such a report. All that Touchnet provided was the Affidavit of William Kitchen and a copy of his resume. *See* Doc. 72-7. Providing only such "sketchy and vague" information is exactly what the requirement for an expert report tries to avoid. *See* FED. R. CIV. P. § 26(a)(2) Advisory Committee's Notes on 1993 Amendments. Touchnet's Expert Affidavit should be stricken for Touchnet's failure to provide an expert report in compliance with Rule 26(a)(2).

**(3)    Touchnet's Motion is Premature**

Touchnet's Motion should also be stricken because it is premature. Touchnet's Motion is **premature** because, in accordance with the Parties' 26(f) Report and the scheduling in this case, it is: (a) before the claim construction process begins; (b) before the court provides a claim construction ruling; (c) before a single deposition has been taken in this case; (d) before any expert report of William Kitchen will be served; and (e) before any deposition of expert William Kitchen will be taken. As this Court will recall after Touchnet previously tried to prematurely rely on William Kitchen's expert testimony in its opening claim construction brief, the Court ordered during a November 5, 2010 status conference that the parties restart the claim construction process. *See* Doc. 69. As a result, the claim construction process has not yet begun and will not be complete until sometime after the parties file their opposition claim construction briefs on February 25, 2011.[1] At that time, the Court will hold a *Markman* hearing and provide

---

[1]    Specifically, claim construction expert reports are due on December 10, 2010; rebuttal claim construction expert reports are due on December 23, 2010; claim construction expert depositions will take place by January 14, 2011; opening claim construction briefs are to be refiled on February 4, 2011; and opposition claim construction briefs are due on February 25, 2011. *See* Docs. 74-75.

3

its claim construction ruling thereafter. *See* Docs. 74-75, and 34 at ¶ 7(g). As stated before, no expert discovery was contemplated prior to the Court's claim construction ruling. *See* Doc. 34 at ¶ 8. Therefore, Touchnet's Motion and Expert Affidavit should be stricken because they are premature.

### III.   Conclusion

Higher One respectfully requests for the good cause shown herein and on an expedited basis that this court strike Touchnet's Motion and the Affidavit of William Kitchen for the reasons provided herein. Moreover, Touchnet's Motion should be outright denied because its entire factual underpinnings rely upon the Affidavit of William Kitchen which should be stricken.

Plaintiff, Higher One, Inc.

By:   /s/ Joseph V. Saphia

| | |
|---|---|
| Joseph Saphia (Pro Hac Vice) | Edward Wood Dunham (ct05429) |
| Laura A. Chubb (ct27794) | WIGGIN AND DANA LLP |
| WIGGIN AND DANA LLP | One Century Tower |
| 450 Lexington Avenue, Suite 3800 | P.O. Box 1832 |
| New York, NY 10017 | New Haven, CT 06508-1832 |
| (212) 490-1700 | (203) 498-4400 |
| (212) 490-0536 fax | (203) 782-2889 fax |
| jsaphia@wiggin.com | edunham@wiggin.com |
| lchubb@wiggin.com | |

## CERTIFICATE OF FILING

  I hereby certify that on November 16, 2010, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

            /s/ Laura A. Chubb
            Laura A. Chubb

16873\15\2466646.2