UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HIGHER ONE, INC., )<br> )<br>　　　　　Plaintiff, )<br> )<br>v. )<br> )<br>TOUCHNET INFORMATION SYSTEMS, INC., )<br> )<br>　　　　　Defendant. ) | Civil Action No.<br>Case No. 3:09CV337(AWT)<br><br>July 14, 2011 |

**DEFENDANT TOUCHNET INFORMATION SYSTEMS, INC.'S
MOTION TO COMPEL WITH
<u>COMBINED MEMORANDUM OF LAW IN SUPPORT</u>**

　　　　Pursuant to Federal Rule of Civil Procedure 37 and Local Civil Rule 37, defendant TouchNet Information Systems, Inc. ("TouchNet") hereby moves for an Order of the Court compelling Plaintiff to supplement its responses to certain numbered requests set forth in Defendant's First Request For Production ("RFP") to Plaintiff served on November 3, 2009.  A copy of the relevant RFP is attached hereto as Exhibit **A**.  In particular, TouchNet seeks an order from this Court compelling Plaintiff to make its supplemental responses and to produce any additional documents responsive to Nos. 13, 15, 16, 17, 19, 24, 33, 40, 46, 47, 48, 52, 54, 55, 57, 58, 59, 60, 62, 63, 66, 69, 70, 74, 76, 77, 78, and 79 that are within its possession, custody, or control.

　　　　On February 11, 2011, TouchNet's counsel wrote counsel for Plaintiff asking that it supplement its discovery responses with respect to those categories in the RFP.  On February 16, 2011, Plaintiff advised TouchNet's counsel that it would supplement its earlier responses to those requests.  However, it never did so.  Accordingly, and pursuant to its obligation under Local Rule 37(a), TouchNet's counsel again wrote Plaintiff on May 12, 2011, and again requested that Plaintiff supplement its responses to those requests. Again, Plaintiff has failed to do so. The affidavit of Mr. Kyle Elliott, which is attached hereto as Exhibit **B**, details the correspondence and conferences with

Plaintiff's counsel that he had in his attempt to resolve these disputes but details that he was unable to resolve them.  Ex. B (Affidavit of Kyle Elliott).

Federal Rule 26(e) could not be clearer with respect to Plaintiff's duty to supplement its responses.  In relevant part, it provides that a "party who has … responded to [a] … request for production … must supplement or correct its … response:

>     (A)      in a timely manner if the party learns that in some material respect the … response is incomplete…."

Fed. R. Civ. P. 26(e).  In other words, Plaintiff had a duty to supplement its responses to these requests for production even without TouchNet asking it to do so.  Given that more than a year has passed since Plaintiff responded to these requests, it is not credible to suggest that there are no additional documents now that render Plaintiff's earlier responses incomplete.  The Court should thus compel Plaintiff to supplement its responses – just as its counsel promised it would several month ago – on February 16, 2011.

## CONCLUSION

TouchNet respectfully submits that this Court should enter an Order directing that Plaintiff promptly supplement each of its responses to the RFP at issue and produce all responsive documents not previously produced.

Respectfully Submitted,

By: /s/ Lih C. Chen
Patrick J. Whalen
Kyle J. Elliott
Lih C. Chen
SPENCER FANE BRITT & BROWNE LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Tel: (816) 474-8100
Fax: (816) 474-3216

pwhalen@spencerfane.com
kelliott@spencerfane.com
lchen@spencerfane.com

DAY PITNEY LLP
Elizabeth Ann Alquist (ct15643)
Nicholas A. Pisarsky (ct27916)
242 Trumbull St.
Hartford, CT 06103-1212
Tel: (860) 275-0100
Fax: (860) 275-0343

KUTAK ROCK LLP
I. Edward Marquette
1010 Grand Blvd., Suite 500
Kansas City, MO 64106
Tel: (816) 960-0090
Fax: (816) 960-0041
Ed.Marquette@KutakRock.com

**CERTIFICATE OF ELECTRONIC FILING**

    I hereby certify that on July 14, 2011, a copy of the foregoing Motion to Compel with Combined Memorandum of Law was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                        /s/ Lih C. Chen