IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HIGHER ONE, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TOUCHNET INFORMATION SYSTEMS, ) <br> INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. <br> 3:09-cv-00337-AWT <br><br><br> August 17, 2012 |

**PLAINTIFF HIGHER ONE, INC.'S SUPPLEMENTAL
MEMORANDUM REGARDING D. CONN. L. CIV. R. 26(e)**

Plaintiff Higher One, Inc. ("HOI") respectfully submits this Supplemental Memorandum addressing the implications of D. Conn. L. Civ. R. 26(e) ("LR 26(e)") as it impacts the issues raised in Defendant TouchNet Information Systems, Inc.'s ("TN") Omnibus Motion to Compel ("TN's Omnibus Mot."). (Docs. 141 and 142). HOI submits that LR. 26(e) entirely supports its positions.

**D. CONN. CIVIL LR 26(e)**

The Court has requested that HOI discuss the implication(s) of LR 26(e) to the discovery disputes set forth in TN's Omnibus Mot.[1] LR 26(e) provides, in pertinent part, that:

> ***In accordance with Fed. R. Civ. P. 26(b)***, when a claim of privilege or work product protection is asserted in response to a discovery request for documents or electronically stored information, the party asserting the privilege or protection shall provide the following information in the form of a privilege log….
>
> If the information called for by one or more of the foregoing categories is itself privileged, it need not be disclosed. However,

---

[1] The Factual Background of the disputes may be found in HOI's Opp. Brief, Doc. No.146.

the existence of the document and any non-privileged information called for by the other categories must be disclosed.

This rule requires preparation of a privilege log with respect to all documents withheld on the basis of a claim of privilege or work product protection *except the following: written or electronic communications between a party and its trial counsel after commencement of the action and the work product material created after commencement of the action*. (emphasis added.).

D. CONN. L. CIV. R. 26(e)

Two observations are critical. First, that LR 26(e) must be interpreted "[i]n accordance with Fed. R. Civ. P. 26(b)." And, second, that attorney "work product material created after the commencement of the action" does *not* trigger the requirement for entry on a privilege log.

*Fed. R. Civ. P. 26(b)*

Rule 26 was effective as of December 1, 2010. Rule 26 excludes the following information from discovery as attorney work product:

- Drafts of any expert report or disclosure, including preliminary opinions;

- Communications in any form between an attorney and an expert unless they relate to one of the following three exceptions: (1) compensation for the expert's study or testimony; (2) facts or data the attorney provided and that the expert considered, or (3) assumptions the attorney provided and the expert relied upon.

FED. R. CIV. P. 26(b)(4)(B) and (C). The Advisory Committee Notes to Rule 26 evidence that the main purposes and policies behind the amended rule are to, *inter alia*: (i) exclude disclosure of counsels' theories or mental impressions; and (ii) allow attorneys and experts to interact without fear of exposing communications to discovery.

Interpreting LR 26(e) in accordance with amended Fed. R. Civ. P. 26(b) and the purposes of the Advisory Committee Notes leads to the conclusion that HOI's attorney-expert communications, including its draft reports, are expressly protected work-product. Here, HOI hired its claim construction expert, Mr. Stephen C. Mott, *after* the Rule 26 was enacted and in

effect. HOI interacted with Mr. Mott pursuant to the Rule, fully expecting that it would be afforded the protections of Rule 26(b) and D. Conn. LR 26(e).

### *Privilege Log Requirement*

LR 26(e) specifically exempts work product material created after commencement of litigation from inclusion in a party's privilege log. Here, TN's assertion that invocation of the attorney-work product privileged requires a privilege log for expert report drafts and communications between HOI and counsel is incorrect. (TN Omnibus Mot., at 6-7)  HOI's attorney-expert communications, including Mr. Mott's draft expert reports, are protected attorney-work product under amended Rule 26, and were created after HOI initiated its patent infringement suit against TN. These attorney-expert communications are automatically exempt from the privilege log requirements under D. Conn. L. Civ. R. 26(e) and the Federal Rules, and HOI acted properly by not describing them in its privilege log.

Based on the foregoing, HOI submits that its disclosure of attorney-expert communications has been in accordance with LR 26(e).

Respectfully submitted,

Plaintiff, HOI

By:   /s/ Joseph V. Saphia
Joseph Saphia (ct28558)
W. Edward Bailey (Pro Hac Vice)
Laura A. Chubb (ct27794)
Erika V. Selli (Pro Hac Vice)
WIGGIN AND DANA LLP
450 Lexington Avenue, Suite 3800
New York, NY 10017
(212) 490-1700
(212) 490-0536 fax
jsaphia@wiggin.com
ebailey@wiggin.com
lchubb@wiggin.com

eselli@wiggin.com

Edward Wood Dunham (ct05429)
WIGGIN AND DANA LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4400
(203) 782-2889 fax
edunham@wiggin.com

## **CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on August 17, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Joseph V. Saphia